# Morris James LLP

Matthew F. Lintner
302.888.6806
mlintner@morrisjames.com

June 6, 2007

**VIA E-FILING AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
Room 4324, Lock Box 19
844 King Street
Wilmington, Delaware 19801

Re:  *Lakewood Health System, et al. v. TriWest Healthcare Alliance Corp.*
     C. A. No. 07-69-GMS

Dear Judge Sleet:

    We write on behalf of defendant TriWest Healthcare Alliance Corp. ("TriWest"), in response to a letter to the Court dated June 1, 2007 from plaintiffs in this case. The same letter was submitted in a parallel action which plaintiffs have designated as a related case (*Northern Michigan Hospitals, Inc. et al. v. Health Net Federal Services, LLC*, Civil Action No. 07-39 (GMS)).

    These two purported class actions, filed by the same law firm, pose parallel challenges to the administration of the TRICARE program, a comprehensive health care program for active duty and retired uniformed service members and their families. The TRICARE program is funded by the federal government and is pervasively regulated by the federal agency responsible for administering the TRICARE program – the TRICARE Management Agency. TriWest is the Managed Care Support Contractor for TRICARE's West Region. The defendant in the related class action (Health Net) is the Managed Care Support Contractor for the North Region.

    Both related actions are the subject of pending motions to dismiss. The grounds set forth in TriWest's motion to dismiss the complaint include: the federal government is the real party in interest to these proceedings; the lawsuit is preempted by federal law; the government is a necessary and indispensable party in the litigation; plaintiffs lack standing; the government has primary jurisdiction over the allegations in the complaint; plaintiffs have failed to exhaust their administrative remedies; and plaintiffs have failed to state claims on which relief can be granted. That motion to dismiss has been fully briefed by the parties in this case, and a similar motion to dismiss has been fully briefed in the parallel case against Health Net.

Morris James LLP

The Honorable Gregory M. Sleet
June 6, 2007
Page 2

    TriWest fully intends to abide by all rules governing discovery and will fully comply with its discovery obligations in this case. However, as TriWest's counsel has previously explained to plaintiffs' counsel, at the present time the Court has set no date for an initial scheduling conference. Because there is no date for such a conference, we understand plaintiffs' request to proceed with a Rule 26(f) conference to be premature, and TriWest has so advised the plaintiffs.

    Furthermore, in light of the pending motions to dismiss both this and the related class action, TriWest believes that holding off on the initial scheduling conference makes sense.

    TriWest will, of course, proceed in any manner the Court directs, and is available at the convenience of the Court to discuss the status of this case.

Respectfully submitted,

Matthew F. Lintner (#4371)

MFL/dr
cc:    Clerk of the District Court (via e-filing)
       Matthew Neiderman, Esquire (via e-filing)
       Robert Ryland, Esq.

1576024/1