IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKEWOOD HEALTH SYSTEM AND NORTHWEST MEDICAL CENTER,<br><br>　　　　Plaintiffs,<br>v.<br><br>TRIWEST HEALTHCARE ALLIANCE CORP.,<br><br>　　　　Defendant. | Civil Action No. 07-69 - GMS |

**TRIWEST HEALTHCARE ALLIANCE CORP.'S
SUPPLEMENTAL REPLY BRIEF IN RESPONSE TO THE
STATEMENT OF INTEREST OF THE UNITED STATES**

OF COUNSEL
Robert S. Ryland
Robert R. Gasaway
Ashley C. Parrish
Scott M. Abeles
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Katherine J. Neikirk (#4129)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
llazarus@morrisjames.com
mlintner@morrisjames.com
kneikirk@morrisjames.com

*Attorneys for Defendant
TriWest Healthcare Alliance Corp.*

Dated: October 26, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................1

I.   Plaintiffs' Supplemental Arguments Further Confirm That Their Claims Should Be Dismissed. ...............................................................................................1

II.  Plaintiffs' Supplemental Arguments Are Not Convincing And Should Be Rejected By The Court. ...........................................................................................4

   A.   Plaintiffs Fundamentally Misunderstand The TMA's Administrative Remedies Process. ........................................................................................4

   B.   Plaintiffs' Arguments On The Real Party In Interest And Necessary and Indispensable Party Questions Add Nothing To This Court's Consideration Of The Issues. .......................................................................8

CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Adams Fruit Co. v. Barrett*,
　494 U.S. 638 (1990) ............................................................................................. 9

*Bell Atl. Corp. v. Twombly*,
　127 S. Ct. 1955 (2007) ......................................................................................... 2

*Bishop v. GNC Franchising LLC*,
　2007 WL 2390427 (3d Cir. Aug. 23, 2007) ......................................................... 2

*Britell v. United States*,
　372 F.3d 1370 (Fed. Cir. 2004) ............................................................................ 3

*Facchiano v. United States Dept. of Labor*,
　859 F.2d 1163 (3d Cir. 1988) ........................................................................... 5, 7

*First Jersey Securities Inc. v. Bergen*,
　605 F.2d 690 (3d Cir. 1979) ................................................................................. 4

*Hofmann v. Hammack*,
　82 F. Supp. 2d 898 (N.D. Ill. 2000) ..................................................................... 5

*Holton v. Blue Cross and Blue Shield of South Carolina*,
　56 F. Supp. 2d 1347 (M.D. Ala. 1999) ............................................................ 5, 6

*In re Kaiser Aluminum Corp.*,
　456 F.3d 328 (3rd Cir. 2006) ............................................................................... 9

*Neitzke v. Williams*,
　490 U.S. 319 (1989) ............................................................................................. 2

*Republic Indus. Inc. v. Cent. Pennsylvania Teamsters Pension*,
　693 F.2d 290 (3d Cir. 1982) ............................................................................ 4, 7

*Scarfar Contracting, Inc. v. Secretary of Labor*,
　325 F.3d 422 (3rd Cir. 2003) ............................................................................... 9

*Trauma Service Group v. Keating*,
　907 F. Supp. 110 (E.D. Pa. 1995) ........................................................................ 5

*Trustees of Bay Medical Center v. Humana Military*,
　447 F.3d 1370 (Fed. Cir. 2006) ............................................................................ 9

*Wilson v. MVM, Inc.*,
　475 F.3d 166 (3d Cir. 2007) ................................................................................. 7

**Federal Statutes**

32 C.F.R. § 199(c)(2) ............................................................................................................. 9

32 C.F.R. § 199.10(a) ............................................................................................................ 9

32 C.F.R. § 199.10(b)(2) ....................................................................................................... 9

32 C.F.R. § 199.14(a)(5) .................................................................................................... 3, 9

32 C.F.R. § 199.2 .................................................................................................................. 9

## INTRODUCTION

Plaintiffs' supplemental brief further confirms that dismissal is in order. Plaintiffs do not dispute that their Complaint depends on allegations that TriWest has breached an implied contract by failing to comply with the government's regulations and policy directives. It is therefore dispositive that the government has unambiguously declared that it flatly disagrees with plaintiffs' interpretation of the regulatory requirements. The government's views establish that plaintiffs have not stated any plausible claims for relief.

Were plaintiffs to accept the reality of the government's interpretation of its regulations and policy directives, any dispute they assert with TriWest could be only a claim-specific, fact-specific dispute over how the regulations should be applied in particular factual circumstances. Then, plaintiffs would simply be required to follow the rules for resolving such disputes, and exhaust their administrative remedies before bringing their claims to court. If, however, plaintiffs do not accept the government's interpretation of its own regulatory regime, and are unwilling to follow the rules, they would still have recourse to relief. But that relief, if justified, must come in a suit against the government, the party responsible for making and enforcing the rules. In either case, the Court should decline plaintiffs' invitation to absolve it from the requirements of administrative appeals process and to bless its suit against a government contractor in lieu of the federal government, neither of which is warranted.

## ARGUMENT

### I. PLAINTIFFS' SUPPLEMENTAL ARGUMENTS FURTHER CONFIRM THAT THEIR CLAIMS SHOULD BE DISMISSED.

Plaintiffs' supplemental brief confirms that no matter how plaintiffs attempt to frame their complaint they cannot avoid the conclusion that dismissal is in order.

If the Court defers to the government's interpretation of its own regulatory requirements, as it is required to do, then plaintiffs have not stated a plausible basis for this lawsuit and their claims should be dismissed. It is clear that plaintiffs' claims are based entirely on allegations that TriWest failed to follow TRICARE regulations and TRICARE Management Agency ("TMA") directives. *See, e.g.*, Compl. ¶¶ 31, 33, 36 (D.I. 1). Accordingly, because plaintiffs' characterization of the regulations and TMA's directives is flatly at odds with TMA's own interpretation, plaintiffs' claims should not be permitted to burden the Court and waste resources. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007).

Plaintiffs contend that these issues may not be resolved on a motion to dismiss, because they are legal in nature. But that is no bar to dismissal. Courts are certainly free to dismiss under Rule 12(b)(6) when the plaintiffs' claim turns on an intrinsically incorrect view of the law's requirements. *See Bishop v. GNC Franchising LLC*, 2007 WL 2390427, at *1 (3d Cir. Aug. 23, 2007) ("a court may grant a motion to dismiss under Rule 12(b)(6) if there is a dispositive issue of law") (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

Recognizing that dismissal is warranted if the Court defers to the government's view of the legal requirements, plaintiffs argue that the government has "not accurately characterized" the nature of the dispute. *See* Plfs.' Supp. Br. 6 (D.I. 26). But if plaintiffs' interpretation were correct — *i.e.*, if the government in the context of considering specific claims were to agree that plaintiffs are entitled to be paid for "facility charges" — no legal dispute would exist and plaintiffs would face no impediment to exhausting their remedies. Because it is a Managed Care Support Contractor ("MCSC"), TriWest must pay claims as directed by the government. Accordingly, "[i]f plaintiffs present evidence in the administrative process that they incurred

facility charges, that they properly submitted claims for those charges, and that those claims were not paid, then the appeal process could vindicate plaintiffs." *See* Gov't Br. 16 (D.I. 22).

But plaintiffs do not want to exhaust their administrative remedies. They are thus forced to argue that, "[r]educed to its simplest terms," this case is a dispute over what the ***regulations*** require. Plfs.' Supp. Br. 5-6 (arguing that this case involves a dispute over what the regulations "require"). In plaintiffs' words, they have raised a "nonappealable" issue not subject to the administrative review process, because this lawsuit asks the Court to resolve whether, under 32 C.F.R. § 199.14(a)(5), TriWest is "required to pay the 'facility charges' claimed by Plaintiffs." Plfs.' Supp. Br. 5. To establish this point, plaintiffs would have this Court accept their view of what the regulations require while rejecting the contrary view of the agency, in contravention of decades of jurisprudence recognizing that agency expertise warrants judicial deference.

In any event, even accepting plaintiffs' view and rejecting the government's, plaintiffs' dispute over what the regulations require is not with TriWest, but with the United States. TriWest's obligation is to adhere to what the TMA says the regulations "require," and on this account, the TMA has spoken. If plaintiffs believe the government is not appropriately interpreting or enforcing the regulations, or the government is incorrectly directing TriWest's actions, or that the administrative process is somehow inadequate, they may bring suit in the Court of Federal Claims, which has exclusive jurisdiction over claims seeking to enforce the government's CHAMPUS/TRICARE regulations. *See, e.g., Britell v. United States*, 372 F.3d 1370, 1378-79 (Fed. Cir. 2004).

In sum, if there is a dispute over whether a specific claim plaintiffs have submitted is entitled to reimbursement, then plaintiffs are raising a factual issue that must be resolved through the government-mandated TRICARE claims appeals process. If, in contrast, there is a legal

dispute over what the regulations require, then plaintiffs' dispute is with the government and their suit must be brought in the Court of Federal Claims. Under either scenario, plaintiffs' complaint should be dismissed.

## II. PLAINTIFFS' SUPPLEMENTAL ARGUMENTS ARE NOT CONVINCING AND SHOULD BE REJECTED BY THE COURT.

With no answers to these fundamental points, plaintiffs urge the Court to dispense with exhaustion, and focus instead on whether the government is a real, necessary, or indispensable party to these proceedings. As explained briefly below, plaintiffs fundamentally misunderstand the exhaustion doctrine, and offer no response to TriWest's arguments as to why the government is a real party in interest.

### A. Plaintiffs Fundamentally Misunderstand The TMA's Administrative Remedies Process.

Plaintiffs take comfort in the government's recognition that there is no *statutory* exhaustion requirement. *See* Pls' Supp. Br. 7. Plaintiffs argue that, because exhaustion is not required before a court may exercise its *jurisdiction*, "sound judicial discretion governs." *Id.* at 8. But plaintiffs overlook the Third Circuit's well-settled instructions for how this Court's "sound discretion" should be exercised.

The Third Circuit honors the "long settled rule ... that no one is entitled to judicial relief ... until the prescribed administrative remedy has been exhausted." TriWest Op. Br. 30 (D.I. 12) (quoting *Republic Indus. Inc. v. Cent. Pennsylvania Teamsters Pension*, 693 F.2d 290, 293 (3d Cir. 1982)). To avoid interfering with administrative prerogatives, exceptions to exhaustion apply only in the most "extraordinary circumstances." *Republic Indus.*, 693 F.2d at 294 (citing *First Jersey Securities Inc. v. Bergen*, 605 F.2d 690, 696 (3d Cir. 1979)). Such circumstances do not exist absent (1) a "clear and unambiguous violation of statutory rights or constitutional

4

rights," (2) irreparable injury caused by resort to the administrative process, or (3) futility. *Facchiano v. United States Dept. of Labor*, 859 F.2d 1163, 1167-68 (3d Cir. 1988).

Plaintiffs do not discuss this controlling authority, preferring instead to invoke district court cases from other circuits. *See* Pls.' Supp. Br. 7-8 (citing *Hofmann v. Hammack*, 82 F. Supp. 2d 898 (N.D. Ill. 2000); *Holton v. Blue Cross and Blue Shield of South Carolina*, 56 F. Supp. 2d 1347, 1352 (M.D. Ala. 1999); *Trauma Servs. Grp. v. Keating*, 907 F. Supp. 110 (E.D. Pa. 1995)). Yet these cases actually demonstrate that the "extraordinary circumstances" required to avoid exhaustion are absent here.

For example, in *Hofmann*, the court observed that "[m]erely because administrative exhaustion is not jurisdictional [] does not mean that [the court is] free to disregard it," and dismissed the plaintiffs' claims for failure to exhaust, because the TMA "is the expert that has been authorized by Congress to deal with the issue and ... because [requiring exhaustion] lightens the dockets of the courts." *Hofmann*, 82 F. Supp. 2d at 900. Similarly, the *Trauma Services Grp.* court, construing the same administrative regime, noted that the exhaustion doctrine "requires that parties first use all prescribed administrative remedies for resolving conflict before they seek judicial remedies" absent extraordinary circumstances. *Trauma Servs. Grp.*, 907 F.Supp. at 113 (quoting *Facchiano*, 859 F.2d at 1166-67). In that case, "[r]equiring exhaustion" was "entirely appropriate" given CHAMPUS "statutory framework" which (i) "provides for a detailed adjudication of these claims by a tribunal more familiar with the interworkings and requirements of CHAMPUS," and equally important, (ii) "traces the Social Security Act, under which courts have held that exhaustion of administrative remedies is required." *Id.* at 113-14 (internal citations omitted).

Finally, in *Holton*, the court noted that while "Congress did not prescribe exhaustion in the CHAMPUS statute," the "CHAMPUS regulations describe a detailed administrative procedure for participating providers." *Holton*, 56 F.Supp. 2d at 1353. *Holton* found that policy considerations "weigh[ed] in favor" of requiring exhaustion because "the administrative process is the most appropriate forum to develop the factual background … and to make the initial decision as to the outcome of [the participating provider's] request for payment under the requirements of CHAMPUS." *Id.* at 1354. *Holton's* statement that "the administrative process" may "reveal that Holton is entitled to coverage," echoes the views of the United States in this case. *Id.*; *see also* Gov't. Br. 16 ("[i]f plaintiffs present evidence in the administrative process that they incurred … [and] properly submitted claims for [facility] charges, and that those claims were not paid, then the appeals process could vindicate plaintiffs").

This last point — that the administrative process could vindicate plaintiffs — shatters a key pillar of plaintiffs' exhaustion defense, namely, that exhaustion would be "futile." *See* Pls.' Supp. Br. 9-10. Plaintiffs' futility claim is based on a fundamental misunderstanding of how the administrative exhaustion process works. Plaintiffs leave the impression that exhausting administrative remedies effectively consists of nothing more than plaintiffs and TriWest exchanging, respectively, a demand for payment and a denial of the demand. *See* Pls.' Supp. Br. 9-10 (stating that "Plaintiffs have previously raised their dispute with *Defendant* … giving *Defendant* ample opportunity to resolve" it; that "there are no additional facts *Defendant* needs to make its determination"; that *Defendant* "has unequivocally stated … its position"; and that, if forced to exhaust, *Defendant* "would simply reiterate its position that no further payment is required.") (emphasis added).

6

The administrative process is not an Old West-style standoff between the hospitals and the MCSC, with no role for the TMA. To the contrary, as TriWest explained in its opening brief, the administrative process is a carefully drawn, comprehensive, ***government-supervised*** process that begins with (1) a reconsideration request made to the MCSC (like TriWest), and is followed, as necessary, by (2) formal review of the decision by TMA, (3) a hearing before a TMA officer, and (4) a final decision by the TMA director or Assistant Secretary of Defense. *See* TriWest Op. Br. 10-11 (citing TRICARE regulations). The administrative remedies process is thus a TMA-run process (not a TriWest-run process), and merely complaining to TriWest about alleged underpayments does not establish futility. *See* TriWest Op. Br. 34-35 (citing cases demonstrating that merely complaining about a negative response to alleged claims does not satisfy exhaustion requirements). In short, just because plaintiffs elected not to pursue their administrative remedies, they cannot show that seeking relief from the TMA is futile. *See Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (to invoke an exception to exhaustion, the plaintiffs' allegations must demonstrate a "clear and positive showing of futility").

Because plaintiffs cannot establish futility, none of the extraordinary circumstances required under Third Circuit law are available, as plaintiffs claim no violation of statutory constitutional rights (their claims are based on common law) and do not claim irreparable injury. *See Facchiano*, 859 F.2d at 1167-68; *Republic Indus.*, 693 F.2d at 294. Their final argument is that the TRICARE program itself excuses them because they have alleged a "dispute regarding a requirement of the law or regulation." Pls.' Supp. Br. 6. Once more, however, plaintiffs misunderstand the administrative regime.

According to 32 C.F.R. § 199.2, plaintiffs are only restricted, in an administrative appeal, from arguing that a regulation is invalid or that it is inapplicable on equitable rather than legal

grounds. But contrary to plaintiffs' assertion, challenging a requirement of the law only means that an appeal "cannot challenge the propriety, equity or legality of any provision of [a] law or regulation." 32 C.F.R. § 199.10(a). The very purpose of an agency appeal is "to determine whether the initial determination was made in accordance with law, regulation, policies, and guidelines in effect at the time the care was provided." 32 C.F.R. § 199.10(b)(2) and (c)(2). There is nothing in the plaintiffs' claims stopping them from trying to make this showing. They do not claim to be challenging the *validity* 32 C.F.R. § 199.14(a)(5); they claim to seek its *enforcement*. Based on that admission alone, plaintiffs' claim that they are absolved from the TRICARE appeals process is spurious. The administrative remedies process clearly embraces plaintiffs' claims as presented.

That plaintiffs purport to challenge the validity of no TRICARE regulation also puts to rest their late-breaking defense that the UB-92 form does not permit them to bill facility charges as the government mandates. *See* Pls.' Supp. Br. 13-14. Whether that form contains the requisite boxes for them to properly bill their charges is an issue they can take up through the administrative appeals process, as it is a factual question that does not turn on the *validity* of any particular regulation. And, to the extent plaintiffs want the TMA to issue a new form so that they can bill their charges in a way different from that which the government's form permits, that is a fight plaintiffs should wage with the United States, as they implicitly acknowledge. *See* Pls.' Supp. Br. 14 (accusing the United States of attempting to "rewrite the regulations"). It is not a fight that should burden TriWest.

> **B.    Plaintiffs' Arguments On The Real Party In Interest And Necessary And Indispensable Party Questions Add Nothing To This Court's Consideration Of The Issues.**

Plaintiffs repeat the government's statement that it is not the real party in interest. *See* Pls.' Supp. Br. 2-5. But plaintiffs do not, and cannot, deny that unlike the government's

8

interpretation of its own regulations, the government's views on this Court's jurisdiction are not entitled to any deference. *See* TriWest Supp. Br. at 8; *see also Adams Fruit Co. v. Barrett*, 494 U.S. 638, 650 (1990) (it would be "inappropriate to consult executive interpretations" of a statute that Congress entrusted the federal courts to administer); *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 344-45 (3rd Cir. 2006) ("Where Congress delegates to the courts, rather than administrative agencies, the power to make determinations under a statute, *Chevron* deference does not apply."); *Scarfar Contracting, Inc. v. Secretary of Labor*, 325 F.3d 422, 423 (3rd Cir. 2003) ("Because the [statute] is a statute of general applicability and the [agency] is not charged with administering it, we are not required to afford much deference to [the agency's] regulatory interpretations.").

Nor can plaintiffs deny that courts have routinely held that the government is the real party in interest in cases involving CHAMPUS/TRICARE benefit determinations. *See* TriWest Op. Br. 19-20, TriWest Reply Br. 11-12, (D.I. 16) (citing authority). Instead, plaintiffs urge this Court to ignore this line of precedent based on a single case, *Trustees of Bay Medical Center v. Humana Military*, 447 F.3d 1370 (Fed. Cir. 2006). But unlike in *Bay Medical* — where Humana entered into a contract under which it expressly agreed to reimburse plaintiffs at a rate independent of the TRICARE regulations — plaintiffs here allege only that TriWest breached an implied-in-fact contract to comply with TRICARE regulations. *See* Plfs.' Supp. Br. 5 (describing this case as a dispute over what the "regulations" require). Accordingly, here, unlike in *Bay Medical*, there can be no claim of any legal daylight between what the applicable regulations provide and the duty to plaintiffs owed by contract. Here, there is no reason for this Court to depart from the well-settled authorities establishing that, where a party is seeking to challenge the government's regulations, the government is the real party in interest.

9

Plaintiffs likewise add nothing to the necessary and indispensable party issues, preferring instead to trumpet the government's understandable preference to avoid party status, for which no deference is due. In any event, there is no counter to TriWest's argument, confirmed by the government, that plaintiffs' position in this lawsuit is fundamentally at odds with the government's interpretation of the relevant regulations. The natural result of that yawning interpretive gap is that a victory for these plaintiffs would result in the TMA's carefully-crafted system of payments being "circumvented," Gov't Br. 22, devastating the TMA and its goal of a low-cost and efficient health care program. Plaintiffs should not be permitted to undermine this important program in the absence of the government; indeed, for all the reasons provided to date, plaintiffs should not be permitted to do so at all.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in briefing previously submitted to the Court, the plaintiffs' complaint should be dismissed with prejudice.

Respectfully submitted,

OF COUNSEL

Robert S. Ryland
Robert R. Gasaway
Ashley C. Parrish
Scott M. Abeles
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

/s/ Matthew F. Lintner
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Katherine J. Neikirk (#4129)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
llazarus@morrisjames.com
mlintner@morrisjames.com
kneikirk@morrisjames.com

*Attorneys for Defendant
TriWest Healthcare Alliance Corp.*

Dated: October 26, 2007