# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAKEWOOD HEALTH SYSTEM : <br> AND NORTHWEST MEDICAL : <br> CENTER, *for themselves and on behalf of* : <br> *all other similarly situated class members,* : <br> : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> TRIWEST HEALTHCARE ALLIANCE : <br> CORP., : <br> : <br> Defendant. : <br> : | Civil Action No. 07-69 (GMS) |

## JOINT STATUS REPORT

The parties to the above captioned action, by and through their undersigned counsel, submit the following joint status report pursuant to the Court's March 19, 2008 Notice of Scheduling Conference, and state as follows with respect to each agenda item:

### 1.  Jurisdiction and Service

#### a.  Plaintiffs' Position

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) and 28 U.S.C.A. § 1332(d)(2) because Defendant and Plaintiffs are citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sums specified by 28 U.S.C.A. § 1332(a)(1) and 28 U.S.C.A. § 1332(d)(2).  Service was properly effected.

### b. Defendant's Position

TriWest contends that this Court lacks subject matter jurisdiction over this action. First, the plaintiffs have not sued the real party in interest, the United States, the party that (i) designed the regulations about which plaintiffs complain; (ii) interpreted and enforced the regulations (and created the UB-92 claim forms) in a manner that plaintiffs contend is erroneous; (iii) instructed TriWest not to pay plaintiffs' claims in the manner they demand; and (iv) is the party whose money is ultimately used to pay the claims. *See* TriWest's Br. in Support of its Mot. to Dismiss at 19-22 (D.I. 12); TriWest Reply Br. at 11-12 (D.I. 16); TriWest Supp. Br. at 10-11 (D.I. 27); TriWest Supp. Reply Br. at 8-10 (D.I. 29). Second, in the unlikely event that there is a finding that plaintiffs are entitled to additional reimbursement under their theory of recovery, TRICARE beneficiaries would, in turn, be liable for increased deductibles and co-pays. This fact necessitates a finding that the Government is a real party in interest. Third, the TRICARE Management Authority ("TMA") is a necessary and indispensable party over which this Court lacks jurisdiction. *See* TriWest Br. at 22-26; TriWest Reply Br. at 12-14; TriWest Supp. Br. at 11-13; TriWest Supp. Reply Br. at 8-10. Finally, in the event the Court elects not to dismiss with prejudice, the TMA has "primary jurisdiction" over plaintiffs' claims, given the complex administrative issues raised over which the TMA has substantial expertise. *See* TriWest Br. at 28-29; TriWest Reply Br. at 15-16; TriWest Supp. Br. at 15.

### 2. Substance of the Action

### a. Factual and Legal Bases for Plaintiff's Claims

Plaintiffs provide the following description of the factual and legal bases for their claims:

This case arises out of Defendant's failure to pay Plaintiffs and members of the class for Facility Charges associated with certain hospital outpatient services. Facility Charges are defined as "the charge, either inpatient or out patient, made by a hospital or other institutional provider to cover the overhead costs of providing the service. These costs would including building costs, i.e. depreciation and interest; staffing costs; drugs and supplies; and overhead costs, i.e. utilities, housekeeping, maintenance, etc." See 32 CFR §199.2(b).

Plaintiffs and class members are hospitals that do not have written network contracts with the Defendant but who nonetheless provided hospital outpatient services to individuals who are beneficiaries of TRICARE (which is the health care program established by the Department of Defense ("DOD") for the purpose, among other things, of providing for the administration of health care services to dependants

DM1\1310378.1

of military personnel and retirees and their dependents). Defendant, and not the United States[1], is obligated to pay Plaintiffs and the class members because it has entered into a Managed Care Support contract with TRICARE, whereby it operates a TRICARE managed health care network and is responsible for paying for the health care of the TRICARE beneficiaries in its region.

Count I asserts that based on the conduct of the parties and regulations promulgated by DOD, a contract implied-in-fact existed between Plaintiff and the Defendant and that claims submitted by Plaintiffs and the class members were to be paid by Defendant consistent with those DOD regulations. Plaintiffs and the class members rendered the hospital outpatient services and duly submitted their claims to Defendant for payment. In so doing, Plaintiff reasonably relied upon and expected Defendant to reimburse them for the Facility Charges associated with certain hospital outpatient services pursuant to 32 CFR §199.14(a)(5). Defendants, in failing to do so, have breached the contract implied-in-fact.

Count II asserts that Plaintiffs and the class members provided hospital outpatient services and duly submitted claims for these services to Defendant, who benefited from having Plaintiffs and the class members render such services to the TRICARE beneficiaries. Notwithstanding, Defendants have failed to pay Plaintiffs and the class members and continue to fail to pay Plaintiff and the class members for the Facility Charges associated with these services as billed. As a result, Defendants have been unjustly enriched.

### b.    Factual and Legal Bases for Defendant's Defenses

Defendant provides the following description of the factual and legal bases of its defenses:

Plaintiffs' claims are legally meritless, and should be dismissed under Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(7). Plaintiffs' claims should be dismissed as a matter of law, as set forth in the comprehensive briefs in support of TriWest's Motion to Dismiss. As explained therein, in addition to the jurisdictional issues discussed above, the claims should be dismissed because:

- Plaintiffs common law claims "relate to" health care delivery and would impact "important federal interests" in the uniform administration of the TRICARE program, under the CHAMPUS statute, and so are expressly

---

[1]    *See* Statement of Interest of the United States

preempted.  *See* 10 U.S.C. § 1103; 32 C.F.R. § 199.17(a)(7)(ii); *see also* TriWest Br. at 15-19; TriWest Reply Br. at 8-11; TriWest Supp. Br. at 13-14.

- Plaintiffs have failed to exhaust their administrative remedies.  As the United States has explained, plaintiffs' claims "could be and should be" addressed through its comprehensive administrative appeals process. *See* Gov't Statement of Interest at 14-17 (D.I. 22).  TriWest has explained that the plaintiffs' contentions – that the claims are not subject to exhaustion and/or that exhaustion would be futile – are incorrect.  *See* TriWest Br. at 29-36; TriWest Reply Br. at 16-18; TriWest Supp. Br. at 5-7; TriWest Supp. Reply Br. at 4-8.

- Plaintiffs lack standing to bring their claims because (i) the harm complained of is not fairly traceable to TriWest; or (ii) redressable through a decision by the Court, because the TMA is the source of plaintiffs' complaint and the TMA is not now (nor can it be in the future) before the Court. *See* TriWest Br. at 26-28; TriWest Reply Br. at 14-15.

- Plaintiffs have failed to state a claim for which relief may be granted.  Plaintiffs have not alleged the required elements of either breach of an implied contract (Count I) or unjust enrichment (Count II); a preexisting duty to follow federal law does not qualify as consideration; and, to the extent there is an implied contract between the parties, the contract merely required TriWest to follow federal law which, as the United States (and TriWest) have explained, TriWest has done.  *See* TriWest Br. at 36-40 and App. A70-71 and A73-74; TriWest Reply Br. at 18-20; TriWest Supp. Br. at 14.

As a factual matter, it is unclear that plaintiffs are even capable of demonstrating that <u>any</u> claims for "facility charges" were ever actually submitted for payment by TriWest, or that TriWest has rejected any properly submitted claim for a "facility charge." *See* TriWest Br. at 12-13; TriWest Reply Br. at 6; Gov't Statement of Interest at 19-20.  In fact, the plaintiffs have conceded that they have not done so. *See* Pl's Supp. Br. at 10-14 (arguing that plaintiffs did not submit claims for facility charges because there are no means on the government-mandated claim form to bill for the facility charges plaintiffs seek).  Plaintiffs have instead alleged that they have submitted "outpatient charges" – of which facility charges are a very small subset – for which they claim they are due a tacked-on, profitable, as-billed, facility charge as well.  The United States, whose interpretations of its own regulations are due controlling weight, has explained that plaintiffs' interpretation of the regulatory

DM1\1310378.1

requirements is "not correct," that plaintiffs have "misrepresented" to the Court the government's interpretation of its regulations, and that plaintiffs' arguments are "nonsens[e]" – positions with which TriWest agrees. *See* Gov't Statement of Interest at 2, 15-17, 19. As set forth extensively in briefing by the United States and by TriWest, the ten categories of outpatient charges for which plaintiffs seek to recover extra facility charges are set and capped by the government. Therefore, by law, TriWest is not permitted to pay such "facility charges" in excess of the government-capped rate.

### 3. Identification Of Issues

#### a. Plaintiffs' Position

From Plaintiffs' perspective, the factual and legal issues that flow from the claims that they have asserted, are as follows: (i) Plaintiff believes it is undisputed that the Defendant is required to pay as billed Facility Charges for certain hospital outpatient services rendered by the Plaintiffs however the scope and extent to which Plaintiffs were denied reimbursement for properly billed Facility Charges associated with certain hospital outpatient services remains to be determined; (ii) whether an implied contract exists between Plaintiffs and Defendant; (iii) whether Defendant breached that implied contract when it failed to pay Plaintiffs for the Facility Charges associated with certain hospital outpatient services pursuant to 32 CFR §199.14(a)(5); (iv) whether Defendant benefited from the hospital outpatient services that Plaintiff provided to TRICARE beneficiaries; (vi) whether Defendant was unjustly enriched by its failure to pay Plaintiffs for their Facility Charges associated with certain hospital outpatient services pursuant to 32 CFR §199.14(a)(5); and (vii) whether 32 C.F.R. § 199.14(a)(5) requires Defendants to reimburse the Facility Charges associated with certain hospital outpatient services, as billed.

#### b. Defendant's Position

TriWest contends that the critical disputed issues are as follows: The disputed legal issues include (i) whether the law requires or permits TriWest to pay additional facility charges to plaintiffs over and above the government-capped, fixed CMAC charges for outpatient services as set forth in the TRICARE regulations, contrary to TriWest's government contract and the TMA's stated interpretation; (ii) whether the plaintiffs' claims are preempted; (iii) whether administrative remedies should have been exhausted; (iv) whether plaintiffs have standing; (v) whether the United States is the real party in interest; (vi) whether the United States is a necessary and indispensable party; (vii) whether the court should refer this matter to the TMA under the doctrine of primary jurisdiction; (viii) whether any implied contract exists between the parties; (ix) whether TriWest breached an implied contract; (x) whether TriWest

has been unjustly enriched; and, (xi) to the extent there exists an "implied contract" between the parties, whether plaintiffs breached that contract by bringing this lawsuit rather than exhausting their administrative remedies, which TriWest may assert in a possible counterclaim.

The disputed factual issues include (i) whether plaintiffs actually and properly submitted any claims for "Facility Charges" for payment; (ii) whether any claims submitted for facility charges were correctly coded using TMA's Reimbursement Manual; (iii) whether any such claims included sufficient coding information to render them eligible for processing; (iv) whether such claims were properly and timely presented to TriWest for payment; (v) whether such claims properly fall within the ten regulatory categories for which payment under an "allowable charge" method applies; (vi) whether such claims improperly sought double recovery; and (vii) whether TriWest had some other legitimate reason for denying any such claims.

### 4. Narrowing Of Issues

#### a. Plaintiffs' Position

Defendant has filed motions to dismiss, which plaintiffs have opposed and which are fully briefed. From Plaintiffs' perspective, that motion should be denied and the issues are as described above.

#### b. Defendant's Position

TriWest contends that the Court should dismiss the plaintiffs' claims for the reasons set forth in briefing submitted by TriWest and the government. In the event that the Court does not dismiss, TriWest believes there are avenues by which the Court could narrow the issues.

First, the Court could refer all issues raised by the Complaint to the TMA for its binding opinion under the doctrine of primary jurisdiction. *See* TriWest Br. at 28-29; TriWest Reply Br. at 15-16; TriWest Supp. Br. at 15. The TMA has substantial expertise in adjudicating disputes among contractors and providers, and substantial knowledge regarding the TRICARE program, the CHAMPUS/TRICARE statute, and its implementing regulations. The TMA also has substantial expertise and knowledge with regard to payment practices, payment requirements, and the computer systems used in processing claims. Once the TMA has issued its opinion, the issues for trial – if any exist – would likely be substantially streamlined.

The Court could (and we believe should) also order that the plaintiffs exhaust their claims through TRICARE's administrative processes, as the system in which they have elected to participate requires. Once exhausted, to the extent anything

6

further remains for proper adjudication by a court, the Court could adjudicate, as necessary, the claims that survive the exhaustion process.

As set forth below in the Discovery section, this case might be substantially narrowed through narrowly-focused discovery (at least in its initial phase) that would require, before the parties underwent substantial expense, the plaintiffs to come forward with evidence to support the threshold issues in this case.

### 5. <u>Relief</u>

Plaintiff seeks relief in the form of unpaid Facility Charges and interest, which Plaintiff estimates will exceed $100 million.

Defendant seeks dismissal with prejudice. If required to Answer, the Defendant expects to seek the entry of judgment in its favor, and other relief the Court sees fit to grant. If it is determined that there exists an "implied contract" between the parties to follow TRICARE's regulations, TriWest may counterclaim against plaintiffs for breach of that contract on the basis that plaintiffs were contractually required to exhaust their administrative remedies before filing this lawsuit. TriWest would seek as damages the costs of litigating this suit in federal court. In any event, TriWest reserves the right on appropriate application to seek reimbursement of costs associated with litigating this case to date and going forward to its completion.

### 6. <u>Amendment Of Pleadings</u>

No amendment to the pleadings is contemplated at this time; however, if any portion of Defendant's pending motion to dismiss is granted, Plaintiff would want the opportunity to amend the Complaint at that time.

Defendant believes that if the Court grants the pending Motion to Dismiss, allowing plaintiffs to amend the complaint would be futile and therefore should not be permitted by the Court.

### 7. <u>Joinder Of Parties</u>

#### a. **Plaintiffs' Position**

Plaintiff does not anticipate joining additional parties at this juncture nor does Plaintiff think, as set forth more fully in its briefing on the motion to dismiss, that it is necessary to join any additional parties to this litigation, including but not limited to the United States government, which has filed a Statement of Interest denying the defendant's assertion that the United States government in an indispensable party.

### b. Defendant's Position

As stated in its motion to dismiss, the United States is an indispensable party to this litigation that cannot be joined. While the United States does not want to be joined to this lawsuit, the government's position on that issue does not control in this Court. By contrast, the government's construction of its own regulations – including its views that the plaintiffs have "misinterpreted" those regulations, have "misrepresented" the government's interpretation, and are not owed any "facility charges"– are controlling in this Court. *See* TriWest Supp. Br. at 8-13. Because discovery has not commenced and no class has yet been certified in this case, TriWest is unsure whether it will be necessary to join any additional parties.

### 8. Discovery

### a. Plaintiffs' Position

Plaintiffs anticipate that discovery will require, among other information, obtaining the identification of all "Non-Network Participating Hospitals in the TRICARE West Region, specific details concerning the claims submitted by Non-Network Participating Hospitals and any denials of those claims and Defendant's policies and practices concerning the payment of Facility Charges. Plaintiff contemplates requests for production of documents, depositions of various Defendant's representatives, representatives of third parties, including but not limited to TRICARE and Defendant's payment clearinghouse, and certain other fact witnesses, interrogatories,. requests for admissions and third party subpoenas.

Based upon counsels' experience, the parties believe that fact discovery, including class discovery, will require at least 120 days, with additional time of approximately 120 days for expert discovery thereafter.

### b. Defendant's Position

TriWest believes that discovery should be stayed until after the Court has ruled on the Motion to Dismiss. If the Court is not inclined to grant the Motion to Dismiss, TriWest believes that discovery on the merits will take significantly longer, most likely at least a year or more. In order to promote the goal of judicial economy, TriWest proposes a first phase of limited discovery narrowly focused on the threshold issue presented by this case -- namely, whether the plaintiffs have properly submitted any "facility charges" to TriWest for payment whatsoever. TriWest believes that this issue is legally dispositive. Accordingly, TriWest believes that the Court should include in its scheduling order a specific time for plaintiffs to demonstrate that they did, in fact, submit claims for such "facility charges" that were not paid in accordance

with the TRICARE rules, and for defendant to file any Motion for Summary Judgment on that issue. TriWest believes that thirty days of limited, focused discovery is ample time for plaintiffs to come forward with such evidence from their own files, and TriWest would produce and certify documentation of claims received by TriWest from plaintiff hospitals in advance of that thirty-day period.

In the event the Court believes that there is still a triable issue of fact after the presentation of TriWest's Motion for Summary Judgment, as noted above, then discovery would proceed on numerous issues relating to plaintiffs' position that reimbursable "facility charges" must be "implied" at levels in excess of the government-mandated maximum reimbursable rates. Such discovery would be extensive and lengthy, including (i) whether plaintiffs' "implied" facility charges have been timely submitted for payment; (ii) the services actually rendered by plaintiffs to all patients and whether such charges were billed for all patients; (iii) whether the implied facility charges are appropriate and reasonable given the services rendered, on a patient-by-patient basis; (iv) whether the charges submitted by plaintiffs represent "double dipping"; (v) whether the claims are preempted or should have been exhausted; (vi) whether there exists an "implied contract" between the parties; (vii) whether TriWest has been "unjustly enriched" by any alleged underpayments; (viii) discovery regarding counterclaims, if any; (ix) class discovery; and (x) expert discovery. This discovery would require document requests, interrogatories, requests for admission, depositions, and third party discovery, including extensive discovery of government records, agencies and officials. In the event that the Court denies the Motion to Dismiss ("MTD"), TriWest would propose the following schedule for this case:

| EVENT | DEADLINE |
|---|---|
| Defendant produces and certifies documentation of claims received by TriWest from plaintiff hospitals. | 20 days after Decision on MTD |
| Plaintiffs produce and certify any additional documentation of claims presented to TriWest by plaintiff hospitals, and identify and certify the unpaid "facility charges." | 50 days after Decision on MTD |
| Defendant files Motion for Summary Judgment on basis that certified claim documentation demonstrates that no additional payment is due pursuant to | 25 days after Plaintiffs' Certification |

9

| applicable government-mandated rules. | |
|---|---|

If this case moves past the proposed first phase of discovery, TriWest believes that such fact and class discovery would take at least one year to complete. Expert discovery would require an additional three months, at a minimum.

### 9.  Estimated Trial Length

#### a.  Plaintiffs' Position

The Plaintiffs expect that a trial in this matter can be completed within 4 to 5 days based on its belief that the parties will be able to reach certain stipulations regarding the Defendant's failure to pay Facility Charges.  The Plaintiffs do not believe at this juncture that the length of a trial can be further reduced by resort to additional stipulations or use of summaries or statements.  The Defendant expects that voluminous claim data may be effectively summarized for trial.

#### b.  Defendant's Position

The length of trial would depend on the steps taken, if any, to narrow the issues presented.  If the Court refers the case to the TMA under the doctrine of primary jurisdiction, or if the Court requires that the claims be exhausted, the time required for trial could be shortened significantly, if not eliminated completely.  If not, we estimate trial could take 2 to 4 weeks because plaintiffs' case constitutes a direct assault on the government's management of a major federal health care program operated by the Department of Defense, involving specific direction to TriWest as a government contractor, as well as regulations, guidance and mandatory administrative procedures established for the resolution of health care claims.  Presentation of the case at trial would require the testimony of numerous representatives of what we believe may be numerous sub-classes of the thousands of purported class hospitals regarding their health care claims practices and procedures, experts on both liability and damages, as well as expert testimony concerning the administrative process for handling health care claims.

### 10.  Jury Trial

Plaintiff has requested a jury trial.

### 11.  Settlement

#### a.  Plaintiffs' Position

10

Although the parties have engaged in some preliminary settlement discussions those discussions have not been fruitful, however, the Plaintiff believes that mediation could prove beneficial.

### b. Defendants' Position

TriWest agrees that settlement discussions to date have not been fruitful based on plaintiffs' unwillingness to clarify the facts concerning the actual claims as submitted to TriWest.  In particular, TriWest believes that settlement discussions will continue to be unproductive until TriWest has enough information to confirm that plaintiffs actually did submit the alleged claims for "facility charges."

### 12.   Other Matters

The parties agree that, prior to the commencement of discovery, the Court should enter an appropriate Protective Order under Rule 26 to limit the use and disclosure of personally-identifiable health information, which is protected by federal law, for the purposes of this litigation, and such other confidential information as the parties may agree or the Court may order.

### 13.   Certification

The parties to this action, by their undersigned counsel, hereby certify that they have conferred with respect to each of the above matters.

DM1\1310378.1

**DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. Bar No. 4018)
1100 N. Market St., Suite 1200
Wilmington, Delaware 19801
302.657.4900
302.657.4901 *fax*
mneiderman@duanemorris.com

John J. Soroko
Seth A. Goldberg
DUANE MORRIS LLP
30 South 17th St.
Philadelphia, PA 19103
215.979.1000
215.979.1020 *fax*
jsoroko@duanemorris.com
sgoldberg@duanemorris.com

Michael R. Gottfried
Patricia R. Rich
DUANE MORRIS LLP
470 Atlantic Avenue
Boston, MA 02210
857-488-4200
857-488-4201 *fax*
mgottfried@duanemorris.com
prich@duanemorris.com

Gregory A. Brodek
DUANE MORRIS LLP
88 Hammond Street, Suite 500
Bangor, ME 04401
207-262-5400
gbrodek@duanemorris.com

*Attorneys for Plaintiffs*

**MORRIS JAMES LLP**

/s/ Mathew F. Lintner
Lewis H. Lazarus (#2374)
Matthew F. Lintner (#4371)
Katherine J. Neikirk (#4129)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
llazarus@morrisjames.com
mlintner@morrisjames.com
kneikirk@morrisjames.com

OF COUNSEL

Robert S. Ryland
Robert R. Gasaway
Ashley C. Parrish
Scott M. Abeles
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for Defendant TriWest Healthcare
Alliance Corp.*

DM1\1310378.1

## <u>CERTIFICATE OF SERVICE</u>

I, Matt Neiderman, hereby certify that on March 24, 2008, I caused a copy of the Motion and Order for Admission Pro Hac Vice to be served upon the following counsel of record via e-filing:

> Katherine J. Neikirk, Esq.
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, Delaware 19899

/s/  Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)